Filed 8/16/22  P. v. Roman CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY JESSE ROMAN, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B316547<br>(Super. Ct. No. 21F-02108)<br>(San Luis Obispo County) |

Johnny Jesse Roman, Jr. appeals the judgment entered after he pleaded no contest to first degree burglary (Pen. Code,[1] § 459), robbery (§ 211), and unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), and admitted two prior strike and serious felony convictions (§§ 667, subds. (a), (b), 1170.12, subd. (b)).  The trial court sentenced him to 25 years to life in state prison.  Appellant contends the court abused its discretion in declining to dismiss one of his prior strikes in the interest of

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

justice pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  We affirm.

## STATEMENT OF FACTS

Because appellant pleaded guilty prior to trial, the relevant facts are derived from the preliminary hearing transcript.  On February 13, 2021, Fateme Javadi was living in a guest house behind her daughter's residence on 40 acres of remote property in San Luis Obispo.  That morning, Javadi heard a knock on the door.  When she opened the door she encountered appellant, who pushed her and entered the guest house.

Appellant asked Javadi if she lived alone and she falsely told him she lived with her grandson.  Appellant also asked Javadi where her bedroom was and she led him there.  Appellant forced Javadi onto the bed and demanded money.  Javadi directed appellant to her purse and he took $250 cash from it.  He then went into a second bedroom and took a purse containing $4,500 in cash.

While Javadi was lying on the bed, appellant tied her hands behind her back with an exercise band and tied her feet together with an electrical cord from an iron.  He then left the guesthouse and drove away in Javadi's grandson's Chevy Silverado truck, which was parked outside.  Javadi, who was unable to untie herself, was discovered approximately four hours later by her son-in-law.

Later that day, appellant was seen on surveillance video at a gas station in San Jose where Javadi's grandson's truck had been abandoned with Javadi's purse inside it.  A receipt found in the truck led detectives to obtain video footage of appellant purchasing $500 worth of merchandise from a Target store in Gilroy earlier that same day.  Appellant's fingerprints were also

2

found on an iPad in Javadi's residence. Appellant subsequently admitted taking the money and truck from Javadi's residence while he was under the influence of methamphetamine.

**DISCUSSION**

Appellant contends the trial court abused its discretion in denying his motion to dismiss one of his prior strikes (a 2004 first degree burglary conviction and a 2006 robbery conviction) in the interest of justice pursuant to *Romero*. We conclude otherwise.

In deciding whether to grant a *Romero* motion, the trial court must "'consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

We review rulings on a *Romero* motion for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 376.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree . . . .'" [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so

3

irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)

In support of his *Romero* motion, appellant offered among other things that his parents were both chronic drug users and that his early childhood was "marked by extreme chaos" in which he witnessed domestic violence. He eventually became addicted to methamphetamine, committed his strike offenses, and served a prison sentence. During the five years following his release on parole, he experienced intermittent periods of sobriety, stable housing and employment. Appellant also offered that he was under the age of 25 when he committed his strike offenses, that "the average male brain does not fully develop until [the] age [of] 25," and that at his then-current age of 38 it was "reasonable to conclude that he now has the proper neurological connections to maintain impulse control, be empathic, and appropriately solve his life's problems." He further noted that he had been employed as a supervisor at Home Depot until he "relapsed into drug use" prior to the instant offenses.

Appellant also attached a letter from his former girlfriend Chanda M. Although appellant offered the letter as evidence of "his general character," the letter did not support his request for *Romero* relief. Among other things, Chanda stated that appellant had physically, emotionally, and verbally abused her, gave her a sexually transmitted disease, posted nude photographs of her on the internet, and continually contacted her from the county jail despite her requests that he not do so. Chanda further stated that she thought appellant was highly manipulative and that she was afraid of him.

In opposing the motion the prosecution offered that appellant's current offenses were violent, that his crimes were of

4

increasing severity, and that the mitigating factors identified by appellant were not extraordinary. The prosecution also noted that in committing his prior robbery strike appellant punched the 55-year-old victim several times in the face, and that appellant offered no evidence of any ongoing effort to address his substance abuse issues.

At the hearing on the motion, the prosecutor stated that "[appellant] still has yet to identify extraordinary circumstances that would support relief under [section] 1385. So at [a] minimum, the Court should deny the motion without prejudice so that probation can do a further workup on [appellant's] background and corroborate the circumstances [defense counsel] cites."

The court responded: "I will say I enjoyed having [appellant] in the courtroom. I did sense he does want to be accountable for this crime. He was certainly a gentleman while he was here. And I'm not indifferent to the childhood that he's gone through. I have no doubt that plays a major role in the criminality that we see here, but I simply agree with [the prosecutor]. I don't see [any] extraordinary circumstances that would justify the Court striking [a] strike here. That being said, that doesn't mean I want to see [appellant] go away for 25-years-to-life. This is a crime where his exposure is very high even outside the 3-strikes law, and I would encourage the parties to continue working [on a plea deal]. . . . And I would encourage the defense to make a counter offer . . . that involves . . . a determinate prison sentence. So I'm not inclined to grant the *Romero* motion at this time."

After appellant entered an open no-contest plea to all three charged counts and admitted the prior conviction allegations, he

filed another *Romero* motion.  The second motion replaced the letter from Chandra with a letter from appellant, but was otherwise identical to the first motion.  At appellant's sentencing hearing, defense counsel again urged the court to dismiss one of appellant's prior strikes and reiterated the points raised in the written motion.

In denying appellant's renewed motion, the court reasoned: "I can't say that this is a case that falls outside the 25-yers-to-life Three Strikes sentencing scheme.  The two prior strikes, while I appreciate that they are older, and it appears to the Court that [appellant] led a relatively law-abiding life for about 10 [to] 15 years, some of which was served, of course, in prison, but there was a good period of time when he was out of custody, and I'm only seeing misdemeanor conduct, and very little of it, on his record.  So what [defense counsel] has argued about, the ability of [appellant] to lead a productive life, I think there's a lot of truth there.  But here, you fell back into the use of drugs and committed your second burglary, second robbery, and so I think the 25-year-to-life sentence is appropriate and the Three-Strikes scheme is appropriate here."  The court exercised its discretion, however, to strike the two five-year prior serious felony conviction enhancements because the convictions were "older" and appellant "did have a period [of time] that was relatively crime free during that period."

Appellant fails to meet his burden of showing that the court's denial of his *Romero* motion was an abuse of discretion. The record reflects that the court fully considered all relevant factors in finding that appellant fell outside the spirit of the three strikes law.  Moreover, there is nothing to indicate that the court misunderstood the scope of its discretion or considered

6

impermissible factors in deciding whether to strike one of appellant's prior strikes.

As the People note, the nature of appellant's current offenses—a violent burglary and robbery of an elderly and defenseless victim—plainly support the court's decision to deny his *Romero* motion. (See *People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1105-1107.) Appellant also has a lengthy criminal history, repeated violations of probation and parole, and had a pending battery charge when he committed the instant offenses. As we have noted, his prior robbery strike also involved violence. Although appellant referred to a difficult childhood and ongoing substance abuse problems, neither of those circumstances compelled the court to grant *Romero* relief. (*Carmony*, *supra*, 33 Cal.4th at pp. 377-378; *People v. Leavel* (2012) 203 Cal.App.4th 823, 837.) Moreover, the court considered those circumstances in striking the two prior serious felony convictions in the interest of justice.

Accordingly, this case does not present the "'limited circumstances'" in which the denial of a *Romero* motion amounts to an abuse of discretion. (*People v. Leavel*, *supra*, 203 Cal.App.4th at p. 837.) In arguing otherwise, appellant essentially asks us to reweigh the relevant factors and reach a different conclusion than the one reached by the trial court. Based on the record before us, appellant has not shown that the trial court's denial of his *Romero* motion as to the assault charge was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) His claim that the court erred in denying the motion thus fails.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


PERREN, J.*

We concur:


GILBERT, P. J.


YEGAN, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8

Jesse J. Marino, Judge

Superior Court County of San Luis Obispo

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.